*Pindell* for plaintiff; *Robinson & Johnson* for def'ts.

## Hays *vs* Blanks, &c.

### ERROR TO THE LINCOLN CIRCUIT.

#### *Femes covert. Maintainance. Creditors.*

CHANCERY.

Case 95.

JUDGE BRECK delivered the opinion of the Court.

July 13.

Case stated.

HAYS exhibited this bill against Blanks and wife, seeking to subject to the satisfaction of a judgment against the former, his interest in right of his wife, in her father's estate. The Court below dismissed the bill and Hays has brought the case to this Court.

The bill alledges that Blanks was a non-resident; that he was an industrious, prudent man, possessed of a good estate, and that he provided well for his wife and children.

Blanks and wife filed separate answers, each resisting the relief sought. Mrs. Blanks prays the protection of the Chancellor, and that her share in her father's estate may be settled upon her and her children.

The habits and pecuniary situation of the husband are not controverted, but sustained by the testimony. The estate of the father of Mrs. Blanks was undivided and

still in the possession, or under the control of the execu-tors.  Mrs. Blanks is charged in the will with an advance-ment of about one thousand dollars.  What further sum she will be entitled to does not very clearly appear, as no settlement had been made with the executors.  It may, however, be inferred from what appears in the record, that it will not fall much short of two thousand dollars.

In this view of the case, the question arises whether the Court below was right in refusing to appropriate the patrimony of the wife or any portion thereof, to the satis-faction of the complainant's demand against the hus-band.

The *equity* of the wife in a case of this kind does not rest, as contended, upon the insolvency of the husband, nor upon the ground that the is improvident and fails suita-bly to provide for her support, and that of her children, although such circumstances would constitute an addi-tional and powerful reason why the Chancellor should protect the interest of the wife.  But it rests upon the broad ground that in a Court of equity it is regarded as her estate, which she has a right to have expressly set apart and secured, or such portion thereof as may be ne-cessary for the permanent support of herself and children.  Hence the doctrine is now well settled, that the Chancel-lor will not aid the husband, nor permit him nor his as-signee nor creditor, to acquire possession of the funds or personal estate of the wife, until an adequate settlement is made upon her.  In this case the husband and wife reside in the State of Missouri, and are not within the jurisdiction of the Court.  But if they were, and the husband's estate was here, still the Chancellor would not attempt to provide for the wife out of his estate.  He would only refuse to aid him in acquiring possession of her estate.

The creditor occupies no better attitude than the assig-nee, and neither no better attitude than the husband.  As to the extent of the interest of Mrs. Blanks in this case, we are not satisfied that it exceeds a proper settlement for her.  In some cases, the Chancellor directs the inter-est and profits of the wife's estate to be paid over to the husband when she is properly maintained by him, but

The equity of a *feme covert* to have a suitable maintainance se-cured to her out of her father's estate, does not depend upon the solvency or in-solvency of the husband, nor up-on the support she and her children may re-ceive from the husband.  The Chancellor re-gards the estate in equity as be-longing to her, and her equity to a support to be secured to her and her children, is superior to that of the hus-band or the cred-itors of the hus-band who occupy no better condi-tion than the hus-band.

in this case it appears that he has already received from her father a considerable sum, by way of advancement. Besides, her interest was not of a character to justify any appropriation upon that ground, in discharge of the complainant's demand.

In support of the foregoing principles, *Clancy on Rights*, 140 *to* 150; *Kenny* vs *Udall*, (5 *Johnson's Chy. Rep.* 464, *and authorities there cited, and numerous cases in this Court,*) are referred to.

The decree is, therefore, affirmed.

*Kincaid* for plaintiff; *Harlan & Craddock* for defendants.